UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVIN WILLIAMS,

    Plaintiff,

v.                                                        Case No. 6:16-cv-1601-Orl-37TBS

KISSIMMEE HOMES LTD.;
HALLMARK GROUP
MANAGEMENT, INC.,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Elvin Williams Motion for Preliminary Injunction (Doc. 34), filed August 2, 2017.

### BACKGROUND

Plaintiff initiated this Fair Housing Act ("**FHA**") action **September 14, 2016**, by filing an unverified Complaint against his landlords, Defendants Kissimmee Homes Ltd. and Hallmark Group Management, Inc. (Doc. 1.) In four counts, Plaintiff alleges that the Defendants violated: (1) 42 U.S.C. §§ 3604(f)(1) and (f)(2) by subjecting Plaintiff to disparate treatment based on Plaintiff's disability ("**Disparate Treatment Claims**"); (2) 42 U.S.C. § 3604(f)(3) by failing to afford Plaintiff a requested reasonable accommodation ("**Accommodation Claim**"); and (3) 42 U.S.C. § 3617 by retaliating against Plaintiff for exerting rights under the FHA ("**Retaliation Claim**").

Defendants filed a joint answer to the Complaint (Doc. 15), and the Court entered a Case Management and Scheduling Order on January 17, 2017. (Doc. 19.) Pursuant to the parties' joint request to extend all deadlines, the Court entered an Amended Case Management and Scheduling Order on July 28, 2017 ("**CMSO**"). (Doc. 33.) Four days later, Plaintiff filed a Motion for Preliminary Injunction ("**PI Motion**") to "prevent further efforts to beach Plaintiff's rights to quiet enjoyment of his premises." (Doc. 34.)

## LEGAL STANDARDS & DISCUSSION

The Court is authorized to issue a preliminary injunction in limited circumstances. *See* Fed. R. Civ. P. 65(a)(1); Local Rule 4.06. To obtain such relief, the movant must provide the non-movant with notice of the motion at least fourteen days in advance of the preliminary injunction hearing. *See* Local Rule 4.06(a). In addition, the movant must present its motion in the following manner:

(1) the movant must request injunctive relief "by a separate motion" with an identifying title;

(2) "[t]he motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits . . . "

(3) the motion also must:

    (i) describe precisely the conduct sought to be enjoined [("**Description Requirement**")];

    (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)" ("**Bond Facts Requirement**");

    (iii) "be accompanied by a proposed form . . . order prepared in strict accordance with the several

> requirements contained in" Rule 65(a) and (d) ("**Proposed Order Requirement**"); and
>
> (iv) "should contain or be accompanied by a supporting legal memorandum or brief" ("**Brief Requirement**").

*See* Local Rules 4.05(b) & 4.06(b)(1).

Here, Plaintiff has not satisfied the Proposed Order Requirement or the Bond Facts Requirement. Indeed, Plaintiff simply ignores that this Court cannot grant injunctive relief unless Plaintiffs give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. P. 65(c). These procedural omissions are fatal to Plaintiffs' effort to obtain injunctive relief at this time. *See Korman v. Gray*, No. 13-80031-CIV, 2014 WL 3695402, at *1 (S.D. Fla. Jul. 24, 2014) (noting that injunctive relief would not issue without a bond); *Hammer v. Bank of Am.*, No. 8:13-cv-1910-33AEP, 2013 WL 3866532, at *4 (M.D. Fla. Jul. 25, 2013) (noting that the technical deficiencies in plaintiff's motion for injunctive relief to prevent foreclosure sale justified denial of the motion).

## Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Elvin Williams Motion for Preliminary Injunction (Doc. 34) is **DENIED WITH LEAVE TO REASSERT** in strict compliance with this Order, Federal Rule of Civil Procedure 65, and Local Rule 4.06.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 4, 2017.

<---->
<---->

<---->
<---->



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record

<---->

<---->
<---->